**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUZANNE SCAFFIDI, INDIVIDUALLY, AND AS ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF DANIEL SCAFFIDI, et al., | Civil Action No. 20-8534<br><br>**OPINION** |
| Plaintiffs, | |
| v. | |
| THE HAMMONTON BOARD OF EDUCATION, et al., | |
| Defendants. | |

**APPEARANCES:**

JEFFREY ROY YOUNGMAN
FEITLIN, YOUNGMAN, KARAS
& GERSON, L.L.C.
HERITAGE PLAZA II
65 HARRISTOWN ROAD
SUITE 207
GLEN ROCK, NJ 07452

JONATHAN MICHAEL ETTMAN
POFF & BOWMAN LLC
1600 ROUTE 208 NORTH
P.O. BOX 24
HAWTHORNE, NJ 07507

　　　*On behalf of Plaintiffs*

BENJAMIN HENRY ZIEMAN
ANDERSON SHAH LLC
457 HADDONFIELD ROAD
SUITE 120
CHERRY HILL, NJ 08002

　　　*On behalf of Defendants.*

1

**HILLMAN**, District Judge

This matter comes before the Court by way of Plaintiffs' First Motion to Remand and Plaintiffs' Motion to Amend Complaint and Second Motion to Remand.  (ECF Nos. 4, 6.)  For the reasons stated below, the Court will deny Plaintiffs' First Motion to Remand and grant Plaintiffs' Motion to Amend Complaint and Second Motion to Remand.

**BACKGROUND**

Plaintiffs originally filed their Complaint in the Superior Court of New Jersey on May 15, 2020.  Defendants removed the case to this Court on July 9, 2020 due to Plaintiffs' inclusion of federal constitutional claims actionable under 42 U.S.C. § 1983.  (ECF No. 1.)

On July 17, 2020, Plaintiffs filed a Motion to Remand ("First Motion to Remand") moving to dismiss their federal claims under 42 U.S.C. § 1983 and to remand this matter to state court.  (ECF No. 4.)  On July 19, 2020, Defendants responded by pointing out two deficiencies with Plaintiffs' First Motion to Remand.  First, Plaintiffs' motion did not rely on the correct procedural mechanism and instead Plaintiffs' should have first sought leave to amend under Federal Rule of Civil Procedure 15.  (ECF No. 5.)  Second, Defendants argued Plaintiffs cannot divest this Court of subject matter jurisdiction simply by dismissing

their actionable 42 U.S.C. § 1983 claims.  Instead Plaintiffs must also limit their New Jersey Civil Rights Act ("NJCRA") claims to alleged violations of the New Jersey Constitution and not the Federal Constitution.  (Id.)

On June 22, 2020, Plaintiffs filed the instant Motion to Amend Complaint and Second Motion to Remand, seeking to amend the Complaint to remove all federal claims and to then remand this case to state court.  In Plaintiffs' amended complaint they: (1) omit their 42 U.S.C. § 1983 claims; and (2) explain violations of Plaintiffs' state constitutional rights form the sole basis of their NJCRA claims.  (ECF No. 6.)  Defendants have not filed an opposition to Plaintiffs' Motion to Amend Complaint and Second Motion to Remand.

## DISCUSSION

1. Legal Standard

    a. Motion to Amend Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading . . . with the opposing party's written consent or the court's leave."  Leave to amend is to be freely granted unless there is a reason for denial, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Arthur v. Maersk, 434 F.3d 196, 204 (3d. Cir. 2006) ("Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility.").

  b. Motion to Remand

In an action removed to federal court under 28 U.S.C. §1441, the removing party bears the burden of showing that federal subject matter jurisdiction exists. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). The removal statute is strictly construed against removal and all doubts are to be resolved in favor of remand. Entrekin v. Fisher Scientific, Inc., 146 F. Supp. 2d 594, 604 (3d Cir. 2001); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992); Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). For removal to be proper, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiffs cause of action." Boncek v. Pennsylvania R. Co., 105 F. Supp. 700, 705 (D.N.J. 1952) (quoting Gully v. First National Bank, 299 U.S. 109, 112 (1936)). Under the "well-pleaded complaint" rule, a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim. See Beneficial Nat'l Bank

v. Anderson, 539 U.S. 1, 6 (2003).

    2. Analysis

        a. Motion to Amend Complaint

Plaintiffs seek to amend their Complaint in order to remove (1) their 42 U.S.C § 1983 claims and (2) allegations regarding violations of Plaintiffs' federal constitutional rights in support of their NJCRA claims. This Court finds that Defendants have not set forth any reasons that justify denying Plaintiffs' Motion to Amend, such as bad faith, undue delay, futility, or prejudice to Defendants. Therefore, Plaintiffs' Motion to Amend Complaint will be granted.

        b. Motions to Remand

            i. First Motion to Remand

Plaintiffs' First Motion to Remand was filed before Plaintiffs' Motion to Amend Complaint was filed. Because this Court is granting Plaintiffs' Motion to Amend Complaint, and because Plaintiffs have filed a Second Motion to Remand that is specific to Plaintiffs' Amended Complaint, Plaintiffs' First Motion to Remand is no longer relevant. Accordingly, Plaintiffs' First Motion to Remand will be denied.

            ii. Second Motion to Remand

Having granted Plaintiffs' Motion to Amend Complaint to omit from the amending pleading the sole basis for original jurisdiction, this Court next considers whether it should retain

supplemental jurisdiction over their remaining state law claims under 28 U.S.C. § 1367.  Defendants did not file an Opposition to Plaintiffs' Second Motion to Remand presumably agreeing to remand if the two deficiencies previously noted were cured.  As set forth in their original opposition, Defendants argued:

> Thus, if Plaintiffs wish to return to state court, they must move for leave to amend pursuant to Fed. R. Civ. P. 15 and L. Civ. R. 15.1.  That motion must be accompanied by a proposed amended complaint which omits all federal constitutional claims, and any remaining NJCRA claim in the proposed pleading must only be based on an asserted violation of the New Jersey Constitution.  See Concepcion v. CFG Health Sys. LLC, 2013 U.S. Dist. LEXIS 159134, at *6-10(D.N.J. Nov. 6, 2013)(granting second motion to remand because the NJCRA claim in the proposed amended complaint only alleged violations of the plaintiff's state constitutional rights).

(Id. at 2).  Accordingly, it seems Defendants would agree remand of this matter is now proper given the Plaintiffs have resolved both issues highlighted in Defendants' Opposition letter.

Now that it is clear that only state law claims remain in the case, the issue is whether this Court should, in its discretion retain jurisdiction over the case.  As Defendants state or imply the original removal petition in this action was proper as Plaintiff expressly included a claim under federal law.  It is axiomatic that once subject matter attaches it must ordinarily be exercised.  However, "when all federal claims against a party have been eliminated from a case, the district

court may, in its discretion, decline to extend supplemental jurisdiction over the remaining state law claims." Rothman v. City of Northfield, 716 F. Supp. 2d 369, 373 (D.N.J. 2010) (citing Lentz v. Mason, 961 F. Supp 709, 717 (D.N.J. 1997)). Where the federal claims are dismissed at an early stage in litigation, courts generally decline to exercise supplemental jurisdiction over state law claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Growth Horizons, Inc. v. Delaware Cty., Pa., 983 F.2d 1277, 1284-1285 (3d Cir. 1993).

In this case, as the Plaintiffs are voluntarily omitting the only claim over which this Court may have had original subject matter jurisdiction at an early stage in the litigation, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, Plaintiffs' Second Motion to Remand will be granted.

## CONCLUSION

For the reasons stated above, the Court will grant Plaintiffs' Motion to Amend Complaint and Second Motion to Remand and deny Plaintiffs' First Motion to Remand.

An appropriate Order will be entered.

Date: December 28, 2020          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.